# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC. by HEIDI WEBER, ROCKSTAR CHAMPIONSHIPS, LLC by DAVID OWENS, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, by CRAIG HALLMARK, MARK LUKENS and KATHLEEN LUKENS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT LLC, HERFF JONES, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB,<br><br>                    Defendants. | CIVIL ACTION<br>FILE NUMBER:<br><br>2:20-cv-02782-SHL-tmp<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO MODIFY PREVIOUS DISCOVERY ORDERS** |

## TABLE OF CONTENTS

I. BACKGROUND ...........................................................................................1

II. DISCUSSION ..............................................................................................2

    A    The Court's Orders did not Prejudice the Corporate Defendants......................................................2

    B.    The Corporate Defendants did not Show "Unfairness"........................................................................3

    C.    The Corporate Defendants' Citations did not Countervail this Truth ...............................................4

III. CONCLUSION............................................................................................5

i

I. BACKGROUND

Disclosure is a duty. Fed. Rule. Civ. P. 26. That duty is important. Indeed, doing that duty is important because it helps "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."[1] Thus, "the purposes underlying the federal rules are to avoid surprise and the possible miscarriage of justice and to eliminate the 'sporting theory of justice.'"[2]

Particular to this antitrust action, all Parties agreed to make and share disclosures among parties in the Fusion and Jones "related actions." (2:20-cv-02600-SHL-tmp (WD Tenn.), ECF No. 97 at PageID 804.) Thus, since February of 2021, the American Spirit Plaintiffs relied on the Corporate Defendants' agreement. Id. And thus, since February of 2021, the American Spirit Plaintiffs relied on the Court's orders. (Id.; ECF No. 236.) Near the close of discovery, however, the Defendants asked the Court to both break agreements and change orders. (ECF No. 357.) Specifically, the Corporate Defendants asked to "carve out":

1. . . . the American Spirit Plaintiffs' access to expert reports and related material in Fusion Elite and Jones[; and]

---

[1] Brown Badgett, Inc. v. Jennings, 842 F.2d 899, 902 (6th Cir. 1988) (quoting United States v. Proctor and Gamble & Co., 356 U.S. 677, 682 (1958)).

[2] Id. (quoting In re Halkin, 598 F.2d 176, 192 at n. 38 (D.C.Cir.1979); 8 Wright and Miller, Federal Practice and Procedure § 2001 at 17–19 (1970)).

1

> 2. . . . the American Spirit Plaintiffs' participation in depositions of expert witnesses (and access to transcripts of the same) in Fusion Elite and Jones and vice versa.

(Id. at PageID 7998.) To justify this turn, Defendants argued that breaking agreements and changing orders would "prevent unnecessary and unintended prejudice to the Defendants that would result absent such modifications." (Id. at PageID 7993.) This "prejudice," according to the Defendants, arose from a scheduling order amendment. (ECF No. 236.)

Earlier, this case more closely shared a schedule with Fusion and Jones. In May of 2022, however, the Court extended the due dates in this case by approximately 180 days. Id. Indeed, the Court did so to partially correct for a 302-day discovery stay the Court granted the Defendants. Id. Coincedentally, without a a 302-day discovery stay, parties to the Fusion and Jones cases began exchanging expert reports before parties to this case began exchanging expert reports. (ECF No. 357 at PageID 7994.)

## II. DISCUSSION

### A. The Court's Orders did not Prejudice the Corporate Defendants.

The Corporate Defendants argued primarily that the Court's orders "work prejudice" against them. (ECF No. 357 at PageID 7995.) To be clear, Black's

2

defines "prejudice" as "[d]amage or detriment to one's legal rights or claims." Prejudice, Black's Law Dictionary (11th ed. 2019).  Despite that definition, the Corporate Defendants identified no legal right the Court damaged or degraded. Similarly, the Corporate Defendants identified no claim the Court damaged or degraded.  These omissions of the Corporate Defendants' were especially unsatisfying because the Corporate Defendants' situation was made largely by their own agreements and requests.  Indeed, it was the Corporate Defendants who agreed that the parties in the related actions could share disclosures.  (ECF No. 97 at PageID 804.)  Moreover, it was the Corporate Defendants who asked to stay this action while the related actions continued.  (ECF Nos. 132; 236.)  Thus, the resulting scheduling differences between this case and the related actions were the natural result of the Corporate Defendants' own agreements and requests.

Consequently, any allegation that the Court's orders work "prejudice" against the Defendants does not ring true.

**B.  The Corporate Defendants did not Show "Unfairness."**

The Corporate Defendants also argued to break agreements and change orders "as a matter of fundamental fairness[.]" (ECF No. 357 at PageID 7993.)  In support, they argued "the aims of justice and fairness underlying the federal rules and this Court's discovery orders would be severely undermined if the American Spirit

3

Plaintiffs could access the opinions of Defendants' experts before ever having to disclose their own experts' opinions." (Id. at PageID 7996.)

What the Corporate Defendants overlooked, however, was that under the Parties' agreements and the Court's orders, the Corporate Defendants accessed the opinions of *both* the Fusion *and* Jones experts before the American Spirit Plaintiffs ever disclosed their own expert opinions. (ECF No. 357 at PageID 7994.) Moreover, the Corporate Defendants may still respond to each expert report in each of the related actions. (ECF No. 236 at PageID 3545.) Thus, there is no unfairness to the Defendants here.

**C. The Corporate Defendants' Citations did Not Countervail this Truth.**

The Corporate Defendants cite two unreported opinions for the proposition that "the current orders would work prejudice." (ECF No. 357 at PageID 7995.) Neither of those cases, however, were cases like this, cases in which all Parties agreed to share disclosures with related actions and relied on those agreements for 18 months.

Also, the Corporate Defendants cite two unreported opinions for the proposition that the "'intended dynamic' of the expert disclosure schedule [is] to 'minimize prejudice' to defendants." (ECF No. 357 at PageID 7996.) But this case

4

is not like either of those. Indeed, those cases addressed situations in which a Defendant might be denied an opportunity to respond. Bond v. Pike Cnty., Kentycky, No. 7:20-CV-020-REW-MAS, 2021 WL 4127777, at *2 (E.D. Ky. June 29, 2021) (ensuring "Defendants were entitled to the benefit of Plaintiffs' expert disclosures before finalizing their own expert roster and providing their expert reports"); USCO S.p.A. v. Valuepart, Inc., No. 2:14-CV-02590-JPM, 2015 WL 1898013, at *6-7 (W.D. Tenn. Apr. 27, 2015) (agreeing that party "was not given the opportunity to rebut the affirmative opinions stated in [a patent claim construction declaration.]"). Indeed in this case, under the Parties' agreement and the Court's orders, the Corporate Defendants still get a full opportunity to respond to each expert report in each of the related actions. (ECF No. 236 at PageID 3545.)

### III.   CONCLUSION

Because disclosure is a duty, the American Spirit Plaintiffs ask the Court to deny Defendants' motion.

[signature on subsequent page]

5

                                      Respectfully submitted,

This 3rd day of October 2022.

                                      /s/ Robert A. Falanga
                                      Robert A. Falanga, Esq.
                                      Attorney Bar No. 254400
                                      Interim Lead Class Counsel

                                      /s/ Kobelah Svensen Bennah
                                      Kobelah Svensen Bennah
                                      Attorney Bar No. 378113

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
robert@falangalaw.com
kobelah@falangalaw.com